E-FILED
Thursday, 07 August, 2008  11:40:03 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRAHM INDUSTRIES, INC., a Canadian Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05-CV-1381 |
| WILDWOOD INDUSTRIES, INC., an Illinois Corporation, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

The Court has familiarity with the background in this case, as previously set forth in the Court's order of May 6, 2008 (d/e 25).  Pursuant to that order, Wildwood Industries, Inc. ("Wildwood") has filed a motion to reopen this case, join Ross Vincent ("Vincent") and Superior Plastics, LLC ("Superior Plastics") as additional parties under Fed. R. Civ. P. 25(c), and enforce the settlement agreement entered into between Wildwood and Brahm Industries, Inc., ("Brahm Industries") against Vincent and Superior Plastics.

The Court has diversity jurisdiction.  The parties do not dispute that the amount at issue exceeds $75,000.  *See* Wildwood's Answer and

Affirmative Defenses (d/e 6)(alleging that Wildwood paid over $706,000 to Brahm Industries for making molds that are the subject of the current dispute).   Brahm Industries is a Canadian corporation now in receivership in Canada.  Vincent  is a citizen of Michigan or Canada.  Superior Plastics is a citizen of Michigan.  (d/e 25 para 21; d/e 32, para. 21).

Vincent and Superior Plastics ask that Wildwood's motion be denied because of insufficient service of process and for lack of personal jurisdiction.  For the reasons below, the Court concludes that service of the motion complied with Fed. R. Civ. P. 25(a)(3) and Fed. R. Civ. P. 4.  The Court further concludes that it has specific personal jurisdiction over Vincent and Superior Plastics.

## I.  Service of Process

Vincent and Superior Plastics contend that a summons was required to be served on them with Wildwood's motion.  They do not cite any authority for that proposition, nor is the Court aware of any.

Fed. R. Civ. P. 25(c) states:

> **Transfer of Interest.**  If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.  The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(a)(3) states:

> **Service.**  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. . . . . Service may be made in any judicial district.

Fed. R. Civ. P. 4 requires summons to be served with a Complaint, but the present motion is not a Complaint.  Rule 25(a)(3) requires service *in the manner* that a summons is served, not service of a summons itself. This was explicitly stated in the prior version of the Rule, which required nonparties to be served "in the manner provided in Rule 4 for the service of a summons, . . . ."  Fed. R. Civ. P. 25(a)(1)(version in effect before December 1, 2007).  The revised version omits that phrase because it is unnecessary–"service as provided in Rule 4" plainly means the manner of service.  *Commentary on 2007 Amendment to Rule 25* ("The language of Rule 25 has been amended as part of the general restyling . . . to make them more easily understood . . . . These changes are intended to be stylistic only.").  A motion under Rule 25(a)(3) must be served *like* a summons, not *with* a summons.  Vincent and Superior Plastics make no other objections to the sufficiency of service of process, and it appears from the returns of service that service was effected in accordance with

Rule 4.  Accordingly, the Court finds that Wildwood properly served its motion.

## II.  Personal Jurisdiction:  Due Process

Vincent and Superior Plastics argue that exercising personal jurisdiction over them would offend due process because minimum contacts do not exist to support personal jurisdiction.  Wildwood bears the burden of making a *prima facie* case for personal jurisdiction.  <u>Citadel Group Ltd. V. Washington Regional Medical Center</u>, — F.3d. —, 2008 WL 2971807 *2 (7th Cir. 2008).  "A federal court sitting in diversity has personal jurisdiction only where a court of the state in which it sits would have such jurisdiction."  <u>Id.</u>  Illinois has a "'catch-all'" statutory provision that allows for personal jurisdiction if permitted by the Illinois and U.S. Constitutions.  <u>Id.</u> Thus the Court focuses only on the federal due process analysis, for if personal jurisdiction is permissible under the U.S. Constitution, then it is permissible under Illinois law.  <u>Id.</u>[1]

> If personal jurisdiction is challenged . . . , the court must decide whether any material facts are in dispute. If so, it must hold an evidentiary hearing to

---

[1]The parties do not assert that the state and federal standards diverge in this case.  *See* <u>Citadel Group Ltd.</u>, 2008 WL 2971807 *3 (7th Cir. 2008)(" . . . no case has yet emerged where due process was satisfied under the federal constitution but not under the Illinois constitution.").

> resolve them, at which point the party asserting
> personal jurisdiction must prove what it alleged.
> Until such a hearing takes place, the party asserting
> personal jurisdiction need only make out a prima
> facie case of personal jurisdiction.

Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002).

If the decision is made solely on written submissions, relevant factual disputes are resolved in favor the plaintiff, the allegations "'read . . . liberally, in . . . [their] entirety, and with every inference drawn in favor'" of Plaintiff.  Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Corp., Inc., 440 F.3d 870, 878 (7th Cir. 2006). Wildwood's allegations are taken as true unless controverted by affidavit. Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd., 304 F.Supp.2d 1018, 1021 (N.D. Ill 2004).

Exercising personal jurisdiction must not "offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(*quoted cite omitted*); Citadel Group Ltd. 2008 WL 2971807 * 3.  Federal due process requires that Vincent and Superior Plastics have had "minimum contacts" with Illinois, purposeful contacts, not incidental.  "Crucial to the minimum contacts analysis is a showing that the defendant 'should reasonably anticipate being haled into court [in the forum

State],'. . . because the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities there.'" Hyatt, 302 F.3d at 716 (quoted cites omitted); Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 943 (7th Cir. 2000), *citing* Burger King, 471 U.S. at 474 (1985).  In addition to considering the burden on the defendant, "in an appropriate case" other factors may also be relevant such as the forum state's interest, interests in efficiency, and Plaintiff's interest in "convenient and effective relief."   World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

Sufficient minimal contacts are present if the "controversies arise out of or are related to the defendant's forum contacts," otherwise known as "specific jurisdiction."   Hyatt, 302 F.3d at 713.[2]  "The Due Process Clause of the Fourteenth Amendment prevents a state from exercising specific jurisdiction over a defendant, unless the defendant had 'certain minimum contact' with the forum state 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" Citadel Group Ltd. 2008 WL 2971807 * 3.

---

[2]Wildwood does not assert that general personal jurisdiction exists nor is it supported by the current record.  Hyatt, 302 F.3d at 713 ("general jurisdiction" exists–where "the defendant 'has continuous and systematic' contacts with the state in question.")(quoted cite omitted).

> To decide whether specific personal jurisdiction may be exercised, a court must engage in three distinct steps in the following order: (1) identify the contacts the defendant has with the forum; (2) analyze whether those contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit.

Reimer, 230 F.3d at 944 (7th Cir. 2000).  For specific personal jurisdiction, "'the action must directly arise out of the specific contacts . . . .'" RAR Inc. v. Turner Diesel, Ltd., 107 F.3d 1272,1277 (7th Cir. 1997), *quoting with approval* Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir.1995) (emphasis added in RAR).  If the contacts do not arise out of or are not related to the cause of action, exercising specific personal jurisdiction does not "sufficiently comport with fairness and justice." Id. at 943, *citing* Helicopteros v. Hall, 466 U.S. at 414, 408, n. 8 (1984).

As to identifying the contacts of Vincent, individually, with Illinois, his contacts with Illinois on behalf of Brahm Industries are properly attributed to him individually.  Vincent seems to assert the fiduciary shield doctrine by arguing that he only appeared in Illinois on behalf of Brahm Industries, not on his own behalf.  The fiduciary shield doctrine, however, would not protect him here, since he was the sole owner and president of Brahms

Industries, had complete control over his presence before this Court for mediation, complete control over the terms of the settlement agreement, and complete control over the molds. *See* In re Teknek, LLC, 354 B.R. 181 n. 5,, 195-19 (N.D. Ill. 2006) (discussing doctrine); Consumer Benefit Serv.., 2002 WL 31427021 (N.D. Ill. 2002)(not reported in F.Supp.2d). Taking the uncontroverted allegations as true, he used his complete control over Brahms Industries to fraudulently convey the molds to Superior Plastics, another corporation effectively controlled by him (see discussion below), in order to avoid the obligation to return them under the settlement agreement. Further, Vincent does not contradict Wildwood's evidence that, after he transferred the molds, he continued to hold himself out as having complete authority to continue to act behalf of Brahm Industries with regard to the molds (despite the Receiver). He does not dispute that he refused to return the molds, asserting instead that Wildwood still owed Brahms Industries money. He does not dispute that he faxed Wildwood fraudulent invoices in Superior Plastics' name to justify his retention of the molds.

As to Superior Plastics' contacts, it was not present in name in this case until now. However, the uncontroverted allegations and evidence show that Vincent effectively controlled and continues to control Superior

Plastics, at least as to the molds, despite its listed owner on paper.  <u>Select</u> <u>Creations, Inc. v. Paliafito America, Inc.</u>, 852 F.Supp. 740, 773 (E.D.Wis.1994)("It is particularly appropriate to apply the alter ego doctrine in 'reverse' when the controlling party uses the controlled entity to hide assets or secretly to conduct business to avoid the pre-existing liability of the controlling party."). Superior Plastics possesses the molds at Vincent's direction.  Vincent has mingled the identities of Superior Plastics and Brahms Industries, representing himself as an agent of Brahms Industries and demanding money owed Brahms Industries, yet sending fraudulent invoices in the name of Superior Plastics.  All of Wildwood's attempts to recover the molds have been refused by Superior Plastics, through Vincent.  In fact, Vincent admits that "[t]he conduct Wildwood complains of by Vincent solely consists of actions on behalf of Superior."

(d/e 32, para. 22).  Superior Plastics is not behaving like a separate corporation; it is behaving like an instrument of Vincent and/or Brahms Industries.  Superior Plastics voluntarily injected itself into this controversy by accepting the transfer of the molds and by refusing to release them until Wildwood paid sums purportedly owed Brahms Industries.  <u>See</u> <u>Citadel</u> <u>Group Limited</u>, 2008 WL 2971807 *5 ("'[T]he Due Process clause may not

readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed.'")(bracket in original, quoted cite omitted).

Vincent's complete control over Brahms Industries Inc. and his *de facto* control over Superior Plastics make out a *prima facie* case that Superior Plastics is an affiliate of Brahms Industries or otherwise covered by the settlement agreement.  That means that a *prima facie* case has been made that Vincent consented to personal jurisdiction before this Court for both Brahm Industries and Superior Plastics when he signed the settlement agreement.  Wildwood has also made out a *prima facie* case for personal jurisdiction based on its assertion that Superior Plastics is a continuation of or a successor to Brahms Industries, at least as to the molds.[3]  Additionally, even if Superior Plastics is not covered by the settlement agreement or the "alter ego" or successor to Brahms Industries, Wildwood has made a *prima facie* case for personal jurisdiction over Superior Plastics based on Vincent's abuse of his control over Brahms Industries and Superior Plastics.  *See*  Sea-Land Services, Inc. v. Pepper Source, 941 F.2d 519, 520 (7th Cir.1991)(corporate separateness not

-----

[3]The parties do not adequately address the effect of an appointed Receiver on the successor or alter ego theory, but the Court's finding of personal jurisdiction does not hinge on those theories alone.

respected where "'adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.'").  Given that abuse, Vincent's contacts with this forum regarding the molds are attributable to Superior Plastics regardless of what hat he professed to wear when making them.

Vincent's spouse avers that she owns Superior Plastics, which she avers was formed in March of 2006.  She avers that "Superior is a separate and distinct corporation from Brahm Industries, Inc., . . . [having] different owners, employees and customers that [sic] Brahm."  These conclusory averments do not defeat personal jurisdiction over Wildwood's claim for return of the molds.  The affidavit does not address the molds nor Vincent's role in Superior Plastics.  The affidavit does not illuminate the corporate relationship between Brahm Industries and Superior Plastics.  For example, it does not negate the possibility that the two were affiliates under common group ownership.   The affidavit does not address Wildwood's evidence that Superior Plastics was formerly known as Brahm Superior Plastic LLC–with a date of original filing of articles in January 2006, or the evidence that Superior Plastics operates under the assumed

name of Brahms.  In short, Superior Plastics' arguments and sole affidavit offer only general legal propositions with no application to the specific facts alleged and established by Wildwood.

In the Court's opinion, the contacts identified above satisfy the constitutional minium for exercising personal jurisdiction and exercising personal jurisdiction comports with fairness and justice.   The contacts identified are all related to the causes of action involved in the suit, the wrongful retention of the molds.  Both Vincent, individually, and Superior Plastics should reasonably anticipate being haled into this Court over Wildwood's claim for return of the molds.   Not exercising personal jurisdiction would work an injustice by requiring Wildwood to chase Vincent and the various corporations he controls or creates to the ever-changing locale of Vincent's choosing.

Vincent and Superior Plastics assert that the Court should consider "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interests of other states in securing the most efficient resolutions of controversies."  (d/e 32, p. 9).  Vincent and Superior Plastics conclude without elaboration that these factors weigh in

their favor.  The Court disagrees.  The Court sees no significant burden on Vincent or Superior Plastics in defending the claims here.  Further, Illinois has an interest in preventing attempts to escape court-mediated settlement agreements.  Those interests include protecting Illinois businesses' economic interests and promoting respect for and reliance on court-mediated settlement agreements.  *See*  <u>Citadel Group Ltd.</u>, 2008 WL 2971807 *3 ( "A state has an interest in providing its residents with a forum for redressing harms caused by an out-of-state actor, . . . .").  Wildwood's interest in obtaining relief is certainly more compelling then the interest of Vincent and Superior Plastics in escaping liability.  And, efficiency is served by resolving the dispute here, since this Court is already familiar with the dispute and settlement agreement.

Accordingly, the Court concludes that there are no material facts in dispute with regard to the specific personal jurisdiction analysis, and that Plaintiff has made out a *prima facie* case for specific personal jurisdiction against Superior Plastics and Vincent.

## II.    Motion to Add Vincent and Superior Plastics as transferees under Fed. R. Civ. P. 25(c).

Wildwood asserts that Vincent and Superior Plastic are bound by the settlement agreement and are transferees of interests in the molds under Rule 25(c).   *See* Panther Pumps & Equipment Co., Inc., 566 F.2d 8 (7th Cir. 1977)(25(c) substitution proper where sole owner of prior corporation converted inventory to subsequently formed corporation, rendering original corporation judgment proof).  Vincent and Superior Plastics do not address this issue, having made only a "limited and special appearance to contest jurisdiction."  (d/e 32, p. 1).  They will be given an opportunity to address joining them as additional plaintiffs as transferees of interests in the molds under Fed. R. Civ. P. 25(c).  The Court may thereafter hold an evidentiary hearing to resolve the issue.

**IT IS THEREFORE ORDERED THAT:**

1) The objections to process of service and personal jurisdiction by Ross Vincent, individually, and Superior Plastics LLC, are denied.  The Court finds that it has specific personal jurisdiction over Ross Vincent, individually, and over Superior Plastics LLC, in regards to Wildwood's claims for return of its molds.

2) By September 5, 2008, Ross Vincent and Superior Plastics LLC, are directed to file a response to Wildwood's motion to add them as additional plaintiffs under Rule 25(c) and to enforce the settlement agreement against them.

ENTER:    August 7, 2008

FOR THE COURT:

*s/ Byron G. Cudmore*

_____

BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE